J. ARMOUR *et al.,* Plaintiffs-Appellants, *v.* MECHANICS UNIVERSAL JOINT DIVISION OF BORG WARNER CORPORATION, Defendant-Appellee.

(No. 72-113;

Second District—August 6, 1973.

Roszkowski, Paddock & Johnson, of Rockford, for appellants.

Reno, Zahm, Folgate & Skolrood, of Rockford, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs appeal from a summary judgment entered in favor of defendant. No material facts are at issue.

Plaintiffs, employees of defendant corporation, were members of International Union UAW, AFL-CIO, Local Number 225 (Union). Defendant and the Union entered into an agreement that provided in part for

accident and sickness benefits for defendant's employees. Plaintiffs received payments pursuant to the agreement but defendant reduced such payments by the amount of money paid to them under federal social security disability benefits. Plaintiffs filed a complaint alleging that these deductions were not authorized by the agreement and asked for a judgment totalling the amount of social security benefits deducted from their accident and sickness payments. Both parties moved for summary judgment and the judge granted defendant's motion.

The agreement commences by stating that the terms, benefits, effective dates and amounts of contributions are set forth in Exhibit A. Article II, paragraph (a) of the Exhibit relates, in part:

"* * * Benefits payable for any period shall be reduced by any payments for time lost from work in that period to which the employee is entitled under any Workmen's Compensation or Occupational Disease Law."

It is plaintiffs' position that Exhibit A controls the manner in which benefits are paid and allows reduction of only workmen's compensation or occupational disease law payments, not social security benefits.

Section 5 of the agreement provides:

"* * * It is intended that the benefits provided for in this Agreement shall comply with and be in substitution for any provisions for similar benefits which are provided under any law now in effect or hereinafter in effect. *If any insurance benefits of a similar nature to those provided for in this Agreement are required under any law now in effect or hereinafter in effect and the insurance benefits provided for in this Agreement are not considered in substitution therefor, the insurance benefits provided for in this agreement shall be reduced by the amount of such benefit provided under such law* and the contribution of the Company and the employees with respect to such benefits shall be proportionately reduced." (Emphasis added.)

Plaintiffs argue that "insurance benefits of a similar nature * * * required under any law" applies only to benefits required by state law because: (1) the caption of section 5 states in part, "Integration with *State* Benefits" (emphasis added) and (2) the provisions of Exhibit A being more specific, take precedence over the general clauses of section 5. Plaintiffs bolster this argument by claiming that social security benefits are not "of a similar nature" to the benefits provided by the agreement.

Conversely, defendant argues that, under section 5, social security benefits are "of a similar nature"; that the caption does not control the contents of the clause and adds that section 10 of the agreement is dispositive of the issue. The last sentence of that section provides:

"* * * The terms of any contract or policy issued by an insurance company shall be controlling in all matters pertaining to benefits thereunder."

We additionally note that section 4 of the contract has a provision similar to that of section 10, stating:

"The benefits provided for herein shall be provided through a self-insured plan or under group insurance policy or policies issued by an insurance company or insurance companies * * *. If these benefits are insured by an insurance company, *all benefits are subject to the provisions of the policies* between the Company and the insurance companies." (Emphasis added.)

We find that the contract clearly establishes that policy provisions are controlling, and next look to the policy. Therein, a portion sets forth the determination of weekly accident and health insurance benefits and states:

"2. The amount of benefit otherwise payable under paragraph 1. above with respect to any full week of disability which lies entirely within a single calendar month *shall be reduced* by three-thirteenths of the amount of any benefit provided for the Employee *under the Federal Social Security Act* as amended, for the calendar month in which such week of disability occurs. The amount of benefit otherwise payable under paragraph 1 * * * shall be reduced, for each day of such period or such portion of a full week (excluding that day on which the Employee does not normally work), by one-sixth of the amount of reduction set forth in the preceding sentence * * *" (Emphasis added.)

After reading the agreement as a whole, and in accordance with the foregoing, we find that social security deductions were properly made and the trial judge correctly allowed a summary judgment for defendant.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.